IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


FRANKIE SHERROD,

    Petitioner,

vs.                                         Case No.: 4:11cv530-RH/CAS

KENNETH TUCKER,[1]

    Respondent.
_____/


**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON AS UNTIMELY**

On October 17, 2011, Petitioner Frankie Sherrod, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court, Leon County, on February 3, 2010, following a bench trial.  *Id.* at 1.  On April 30, 2012, Respondent filed a response, with exhibits.  Doc. 12.  On May 24, 2012, Petitioner filed a reply to that motion.  Docs. 16 and 19.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is

---

[1] When Petitioner filed the § 2254 petition, he named Edwin Buss as the Respondent.  Because Kenneth Tucker is now the Secretary Department of Corrections, the Clerk of Court shall substitute him as the Respondent, pursuant to Federal Rule of Civil Procedure 25(d).

moot and should be denied.  See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

By information filed on May 12, 2008, the State of Florida charged Petitioner with four counts: (1) kidnapping to facilitate a felony, (2) two counts of armed robbery with a firearm, and (3) armed carjacking with a firearm.  Doc. 12 Ex. B at 5.  On November 3, 2008, a warrant was issued for the arrest of the Petitioner.  Id. Ex. B at 14-15.

"Petitioner fled the area and was eventually returned to Florida pursuant to the IAD[A] statute."  Doc. 12 at 1.  On January 27, 2010, Petitioner filed a motion to discharge, alleging he was not tried within the time provided by the Interstate Agreement on Detainers Act (IADA).  Id. Ex. B at 23.  On February 21, 2010, the trial court entered an order denying the motion because Petitioner waived his right to a speedy trial before the IADA time limit expired.  Id. Ex. B at 38-39 (order).

On February 3, 2010, the Petitioner pled nolo contendere to counts 2-4 and was sentenced to 10 years in prison, with credit for 518 days.  Ex. B at 40-50; see Ex. D.  In the plea agreement, Petitioner reserved his right to appeal the dispositive issue of a speedy trial violation that was raised in the motion to discharge.  Id. Ex. B at 40; Ex. D at 2.

On May 4, 2010, in case number 1D10-817, Petitioner filed a notice of appeal and filed a brief.  Id. Ex. E.  On September 22, 2010, the state filed an answer brief.  Id. Ex. F.  In response, the Petitioner filed a reply brief.  Id. Ex. G.  On November 23,

2010, the First District Court of Appeal (DCA) affirmed, per curiam.  *Id.* Ex. H; Sherrod v. State, 48 So. 3d 842 (Fla 1st DCA 2010).

Petitioner sought discretionary jurisdiction in the Florida Supreme Court, which was dismissed for lack of jurisdiction.  *Id.* Ex. I; Sherrod v. State, 52 So. 3d 662 (Fla. 2011).

On April 6, 2011, Petitioner filed a 3.850 motion for post-conviction relief.  *Id.* Ex. J at 1-11.  On April 22, 2011, the motion was denied.  *Id.* Ex. J at 12-23.  The post-conviction court found that "neither of these claims are properly raised pursuant to rule 3.850, because they 'could have or should have been raised at trial.'"  *Id.* Ex. J at 12.  On May 13, 2011, Petitioner appealed, but did not file a brief.  *Id.* Ex. K.  On August 4, 2011, the First DCA issued a per curiam affirmance.  *Id.* Ex. L; Sherrod v. State, 67 So. 3d 206 (Fla 1st DCA 2011) (table).

As indicated above, Petitioner filed his initial § 2254 petition in this Court on October 17, 2011.  On April 30, 2012, Respondent filed a response with exhibits.  Doc. 12.  On May 24, 2012, Petitioner filed a reply to that motion.  Docs. 16 and 19.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F. 3d 1272 (11th Cir. 2011).

In this case, in his § 2254 petition, Petitioner claims that his Constitutional rights were violated for a failure to be brought to trial in the required time frame under the Interstate Agreement of Detainers Act (IADA).  Doc. 1 at 4.  More specifically, the Petitioner contends that his 5th and 6th Amendment rights were violated when his motion to discharge was denied by the Second Judicial Circuit Court in Leon County. *Id.*

The IADA is a compact among forty-eight states, the District of Colombia, and the Federal Government of the United States. "The IADA establishes procedures by which one jurisdiction may temporarily obtain custody of a prisoner in another jurisdiction for the purpose of bringing that prisoner to trial." Bolkovatz v. Sec'y, 2:10-CV-326-FTM-99, 2013 WL 1881751, at *8 (M.D. Fla. May 3, 2013); *see generally* Reed v. Farley, 512 U.S. 339, 341(1994); Seymore v. Alabama, 846 F.2d 1355, 1357 (11th Cir. 1988); Remeta v. Singletary, 85 F.3d 513, 517 (11th Cir. 1996) (discussing generally IADA); Fla. Stat. § 941.45.

"The central provisions [pertaining to a speedy trial] under the IADA are Articles III and IV. Article III provides a procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer by filing a request for a final disposition." Bolkovatz, 2013 WL 1881751 at *8. The prisoner must be brought to trial within 180 days after receiving the prisoner's

Case No. 4:11cv530-RH/CAS

demand for final disposition.  *Id.*  The court may grant any necessary or reasonable continuance for good cause shown.  Remeta, 85 F. 3d at 517; Seymore, 846 F. 2d at 1357; Fla. Stat. § 941.45(a).  "Under Article IV, a signatory jurisdiction that has filed a detainer may receive temporary custody of a prisoner incarcerated in another jurisdiction, and then prosecute that prisoner for outstanding charges." Bolkovatz, 2013 WL 1881751 at *8.

Habeas relief for a violation of speedy trial should not be granted for this petition. According to Petitioner, the 180-day operative time period in this case under the IADA was from September 3, 2008, to March 3, 2009.  Doc. 12 Ex. B at 26 (Inmate Correspondence for the Interstate Agreement on Detainers); *see* Doc. 12 Ex. E at 8. Petitioner waived his right to a speedy trial on February 18, 2009.  Doc. 12 Ex. A at 2 (docket report); *see* Doc. 12 Ex. B at 38 (order).  It appears that on February 18, 2009, Petitioner's counsel issued a notice and subpoena for depositions, which is contrary to the notion of being ready for trial.  Doc. 12 Ex. B at 2; Turner v. State ex rel. Pellerin, 272 So. 2d 129 (Fla. 1973).  Petitioner's actions "constitute the antithesis of 'a bona fide desire to obtain trial.'"  *Id.*  When petitioners are granted a continuance, they have thereby waived speedy trial.  Dillard v. Sec'y, DOC, 440 F. App'x 817, 820 (11th Cir. 2011) (citing State v. Gibson, 783 So. 2d 1155, 1158–59 (Fla. 5th DCA 2001)).

The Petitioner also raised the speedy trial claim in the state trial court in his motion for discharge. That court held a hearing on the motion, during which Petitioner was represented by counsel.  *See* Doc. 12 Ex. B at 38.  The state court thereafter entered an order denying the motion for discharge making the following findings:

> Defense counsel, Ms. Jamison, tells me that her client is assisting officials in another jurisdiction and that both she and Mr. Baur, the

> prosecutor on the case, have agreed to continue the case to January, and to set the case for trial in February if there is no agreement. Mr. Baur is heard saying he is in agreement to continue the case but wants to make sure there is a waiver of speedy trial. Defense counsel then represents that it has been waived previously. I then comment that I would hope so, given the age of the case. Ms. Jamison then states that speedy trial was waived within days of the defendant being brought to this jurisdiction.

*Id.* (quoting order).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388. Nothing before the Court insinuates that it was an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

Assuming that the Petitioner did not waive his right to a speedy trial, his petition would still be denied because pursuant to the IADA, an expiration of the time limit is not enough to warrant habeas relief. Reed, 512 U.S. at 346.

> The United States Supreme Court has recognized that the IADA is a state law, as well as a law of the United States. Reed v. Farley, 512 U.S. 339, 346, (1994) (citations omitted). However, an unwitting judicial slip resulting in a violation of the time limitations set forth in the IADA is "technical" and does not warrant habeas relief absent a petitioner showing prejudice. *Id.* at 349–352. In other words, a petitioner who did not alert the trial court of the lapse in time until after the time expired is not entitled to habeas relief when the violation did not "resul[t] in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' " *Id.* at 350 (citations omitted).

> The United States Supreme Court has recognized that the IADA is a state law, as well as a law of the United States. Reed v. Farley, 512 U.S. 339, 346, (1994) (citations omitted). However, an unwitting judicial slip resulting in a violation of the time limitations set forth in the IADA is "technical" and does not warrant habeas relief absent a petitioner showing prejudice. *Id.* at 349–352. In other words, a petitioner who did not alert the trial court of the lapse in time until after the time expired is not entitled to habeas relief when the violation did not "resul[t] in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' " *Id.* at 350 (citations omitted).

> In ruling on a similar issue under the IADA, the Eleventh Circuit recognized that "when determining whether nonconstitutional federal claims are cognizable in federal habeas corpus proceedings, " 'the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a *complete miscarriage of justice,'* and whether '[i]t present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " Seymore v. Alabama, 846 F.2d 1355, 1359 (11th Cir.1988) (citations omitted) (emphasis in original). Specifically, the Eleventh Circuit joined the First, Second, Fourth, Eighth, Ninth, and Tenth Circuits and held that a violation of the IADA is a "nonfundamental defect and—absent a showing of some sort of prejudice—are uncognizable in a federal habeas corpus proceeding." *Id.* (citations omitted);

Bolkovatz, 2013 WL 1881751 at *8-9.

Under IADA, "[IADA] violations are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process." Phillips v. Jarrell, 281 Fed. Appx. 885, 886 (2008). Petitioner does not suggest that his ability to present a defense was prejudiced in any way by the delay. Nor could he possibly make that claim because the state offered to go to trial and the Petitioner's counsel did not react to the opportunity. Doc. 12 Ex. C at 16 ("If it really is about speedy trial, then let's try the case next week"). Petitioner seems to be seeking relief in his § 2254 petition because of a "nonfundamental defect", not because the violation affected the "integrity of the fact finding process."

Consequently, Petitioner waived his right to a speedy trial prior to the expiration of the time limit and did not allege any prejudice that flowed from the alleged IADA violations. As a result, his IADA claims are not cognizable under § 2254. See Docs. 1 and 19.

## Conclusion

The § 2254 petition (Doc. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 1) be **DENIED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2014.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**